IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 06-cv-00249-WYD-GJR

HOME DESIGN SERVICES, INC.,

    Plaintiff,

v.

B&B CUSTOM HOMES, LLC;
DAVID BAGG;
DENISE BAGG;
BENNETT CONSTRUCTION, INC.;
LARRY W. BENNETT;
JOHN J. BENNETT;
FRED BISHOP ENTERPRISES, INC.;
FRED W. BISHOP, III;
INFINITY BUILDERS, INC., f/k/a CASTLE HOMES, INC.;
WILLIAM J. FITZGERALD;
MERRITT CONSTRUCTION, INC.;
MERRIT L. SIXBY, JR.;
SUSAN MARIE SIXBY;
ROAN CLIFF CORPORATION;
CHERI JO WITT-BROWN;
BRIAN ALBERT HURFORD;
CRAIG M. GRANLUND;
CRAIG J. CHERRY;
PAUL RIENSHE;
S & J CONSTRUCTION, INC.;
ANTON ENGLBRECHT;
SERRA CONSTRUCTION, INC.;
GARY L. POUSH;
SANDRA L. DORR;
STONE CREEK HOMES, INC.;
LAUREN J. WHITE; and
ROBERT A. WHITE,
    Defendants.

**ORDER**

I.  INTRODUCTION

THIS MATTER is before the Court on the following motions:  Defendant Anton Englbrecht's Motion to Dismiss for Lack of Jurisdiction [# 4], filed March 6, 2006; Defendants' [Serra Construction, Inc, Gary Poush, and Sandra Dorr] Motion to Dismiss [# 123], filed March 31, 2006; Defendants Fred Bishop Enterprises, Inc. and Fred W. Bishop, III's Motion to Dismiss or for a More Definite Statement [# 124], filed March 31, 2006; Defendants B&B Custom Homes, David Bagg, and Denise Bagg's Motion for Judgment on the Pleadings or for a More Definite Statement [#125], filed March 31, 2006; Defendant John Bennett's Motion for Judgment on the Pleadings or for a More Definite Statement [# 215], filed April 28, 2006; Defendants Larry Bennett and Bennett Construction, Inc.'s Motion for Judgment on the Pleadings or for a More Definite Statement [# 281], filed August 1, 2006; and Defendants Infinity Builders, Inc. F/K/A Castle Homes, Inc. and William Fitzgerald's Motion to Dismiss or for a More Definite Statement [# 328], filed October 20, 2006.

By way of background, Plaintiff asserts thirty-one claims of copyright infringement against numerous defendants.  (Compl. ¶¶ 66-375.)  For each claim, Plaintiff requests the Defendants be preliminarily enjoined from infringing, advertising, distributing, or constructing any structure based on its copyright.  (Compl. ¶¶ 66-375.) Plaintiff further seeks damages as a result of the Defendants' infringement and unfair trade practices.  (Compl. ¶¶ 66-375.)

Five of the aforementioned motions to dismiss address the Copyright Act of 1976.  Specifically, the Defendants argue that this Court lacks subject matter

jurisdiction over this action pursuant to FED. R. CIV. P. 12(b)(1) because Plaintiff has allegedly failed to comply with the registration requirements set forth in 17 U.S. C. § 411(a). All but one of Defendants' motions seek dismissal of this action or for a judgment on the pleadings for failure to state a claim under FED. R. CIV. P. 12(b)(6). Finally, four of the foregoing motions seek a more definite statement under FED. R. CIV. P. 12(e). For the reasons set forth below, Defendants' motions are denied.

II.   ANALYSIS

    A.   FED. R. CIV. P. 12(b)(1).

        1.   Standard of Review

The Defendants move to dismiss this action under FED. R. CIV. P. 12(b)(1). "Where a party attacks the factual basis for subject matter jurisdiction, the court does not presume the truthfulness of factual allegations in the complaint, but may consider evidence to resolve disputed jurisdictional facts." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). "Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction – its very power to hear the case – there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Osborn v. United States*, 918 F.2d 724, 730 (quoting *Mortenson v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir. 1977).

        2.   Defendants' Motions to Dismiss

Defendants Anton Englbrecht; Serra Construction, Inc.; Fred Bishop Enterprises, Inc.; B&B Custom Homes, David Bagg, and Denise Bagg; and Infinity Builders, Inc., F/K/A Castle Homes, Inc. and William Fitzgerald assert in their respective motions to

dismiss that this Court lacks subject matter jurisdiction under FED. R. CIV. P. 12(b)(1). The Defendants argue that the Plaintiff failed to comply with the requirements of the Copyright Act of 1976 set forth in 17 U.S.C. § 411(a). Specifically, the Defendants claim that the Plaintiff failed to register the alleged infringed copyrights before instituting this action. (Def. Anton Englbrecht's Mot. at 1; Defs. Serra Construction, Inc, Gary Poush, and Sandra Dorr's Mot. at 2; Defs. Fred Bishop Enterprises, Inc. and Fred W. Bishop, III's Mot. at 2; Defs. B&B Custom Homes, David Bagg, and Denise Bagg's Mot. at 2; Defs. Infinity Builders, Inc., F/K/A Castle Homes, Inc. and William Fitzgerald's Mot. at 2.) Defendants cite ¶ 269 of the Complaint for support. It reads as follows:

> Plaintiff complied in all respects with the Federal Copyright Act and all other laws governing copyright, and secured the exclusive rights and privileges in and to the copyright . . . has applied for and is awaiting receipt from the Register of Copyrights a certificate of registration. The application for said certificate of registration is attached . . .

(Compl. ¶ 269.)

Plaintiff argues that Defendants' argument is erroneous because its copyright is registered. On March 27, 2006, Plaintiff filed its Notice of Filing Certificates of Registration and attached the registered forms with the effective dates. (Pl.'s Resp.s ¶¶ 5-6.) Plaintiff further claims that on February 14, 2006, it filed this action after all of its copyright registrations were effective. (Pl.'s Resp.s ¶ 6.)

### 3. Analysis

Turning to my findings, federal courts have exclusive jurisdiction over disputes arising under the Copyright Act of 1976. 28 U.S.C. § 1338(a). The Act requires authors to register their works with the federal Copyright Office in order to be entitled to

the Act's protections against copyright infringement. *Id.* In *La Resolana Architects, PA, v. Clay Realtors Angel Fire*, 416 F.3d 1195 (10th Cir. 2005), the Tenth Circuit interpreted the Copyright Act of 1976 and held that "[t]he Copyright Office must approve or reject the application before registration occurs or a copyright infringement action can be brought." *Id.* at 1196. Further, "a copyright owner can sue for infringement only after the copyright is registered . . ." *Id.* at 1201. The language of the Copyright Act "demonstrates that registration is separate from the issuance of a registration certificate and that a court's jurisdiction does not turn on the existence of a paper certificate, but rather on the fact of registration, however it is demonstrated." *Id.* at 1202-1203.

In the case at hand, Plaintiff filed this action on February 14, 2005. Although Plaintiff did not have the paper certificates in its possession when it filed its complaint, Plaintiff has provided sufficient evidence that its copyrights were registered and effective before that date. Further, on March 27, 2006, Plaintiff filed a Notice of Filing Certificates to all Defendants with the registered copyrights attached. Therefore, pursuant to FED. R. CIV. P. 12(b)(1), the Copyright Act of 1976, and Tenth Circuit authority, I find that Plaintiff properly filed this action after registering its copyrights, and the Court has subject matter jurisdiction over this claim. Accordingly, all Defendants' Motions to Dismiss for Lack of Subject Matter Jurisdiction under FED. R. CIV. P. 12(b)(1) are DENIED.

  B. FED. R. CIV. P. 12(b)(6)

    1. Standard of Review

The Defendants assert in their respective motions that this claim must be dismissed for failure to state a claim upon which relief may be granted under FED. R. CIV. P. 12(b)(6). In ruling on a motion to dismiss, I "'must accept all the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff.'" *David v. City and County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996), *cert. denied*, 522 S.Ct. 858 (1997) (quoting *Gagan v. Norton*, 35 F.3d 1473, 1474 n. 1 (10th Cir. 1994)). Further, "[a] complaint may be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) only 'if the plaintiff can prove no set of facts to support a claim for relief.'" *Id.* (quoting *Jojola v. Chavez*, 54 F.3d 488, 490 (10th Cir. 1995)).

        2.        <u>Defendants' Motions to Dismiss</u>

Defendants Serra Construction, Inc.; Fred Bishop Enterprises, Inc.; B&B Custom Homes, David Bagg, Denise Bagg; John Bennett; Larry Bennett and Bennett Construction, Inc.; and Infinity Builders, Inc., F/K/A Castle Homes, Inc. and William Fitzgerald all move to dismiss this action or for judgment on the pleadings under FED. R. CIV. P. 12(b)(6) and FED. R. CIV. P. 12(c). The Defendants argue that a copyright infringement claim "must set forth the particular acts of infringement with some specificity pursuant to FED. R. CIV. P. 8(a)." (Defs. Serra Construction, Inc, Gary Poush, and Sandra Dorr's Mot. at 3; Defs. Fred Bishop Enterprises, Inc. and Fred W. Bishop, III's Mot. at 4; Defs. B&B Custom Homes, David Bagg, and Denise Bagg's Mot. at 5; Def. John Bennett's Mot. at 2; Def. Larry Bennett and Bennett Construction, Inc.'s Mot. at 2; and Defs. Infinity Builders, Inc., F/K/A Castle Homes, Inc. and William Fitzgerald's Mot. at 4.) The Defendants cite authority from the Southern District of New

York that outlines specific heightened requirements for a complaint in a copyright infringement suit. *See Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 n.3 (S.D.N.Y. 1992) (citing *Franklin Electronic Publishers v. Unisonic Prod. Corp.*, 763 F. Supp. 1, 4 (S.D.N.Y. 1991), *aff'd.* 23 F.3d 398 (2nd Cir. 1994).

Finally, the Defendants contend that Plaintiff makes identical and conclusory allegations and fails to:

> (1) specify by what exact acts Defendants have infringed Plaintiff's alleged copyrights, including when the alleged infringements occurred; (2) identify which of Defendants' works are allegedly infringing; (3) allege or provide evidence of direct copying of Plaintiff's allegedly infringed works by Defendants; (4) allege how, where and/or when Defendants had access to Plaintiff's allegedly infringed work; and (5) allege substantial similarity between Defendants' unidentified allegedly infringing works and Plaintiff's allegedly infringed works.

(Defs. Serra Construction, Inc, Gary Poush, and Sandra Dorr's Mot. at 5; Defs. Fred Bishop Enterprises, Inc. and Fred W. Bishop, III's Mot. at 4; Defs. B&B Custom Homes, David Bagg, and Denise Bagg's Mot. at 6; Def. John Bennett's Mot. at 3; Defs. Larry Bennett and Bennett Construction, Inc.'s Mot. at 3; Defs. Infinity Builders, Inc., F/K/A Castle Homes, Inc. and William Fitzgerald's Mot. at 4-5.)

Plaintiff, on the other hand, argues that FED. R. CIV. P. 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." (Pl.'s Responses ¶ 8.) Further, in *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 942 (10th Cir. 2002), the Tenth Circuit held that a motion to dismiss is appropriate "only if it appears beyond doubt that no relief can be granted under any set of facts that can be proven consistently with the allegations set forth in the complaint." (Pl.'s Resp.s ¶ 8.) Further, the *Jacobsen* Court held that a copyright complaint satisfies Rule 8 if the

"complaint and the incorporated documents are sufficient to allege" that the Defendants copied the work in question. *Jacobsen*, 287 F.3d at 942. Finally, Plaintiff asserts that it satisfied the FED. R. CIV. P. 8(a) notice pleading requirements by: (1) properly alleging ownership and infringement of its original works; (2) identifying the work in question; and (3) alleging copying and damages. (Pl.'s Resp.s ¶ 10.)

### 3. Analysis

The Court's role on a motion to dismiss under FED. R. CIV. P. 12(b)(6) is not to weigh potential evidence that the parties might present at trial, but to assess whether the Plaintiff's complaint is legally sufficient to state a claim for which relief may be granted. I must accept all of the Plaintiff's well-pleaded allegations in the complaint as true and view them in the light most favorable to the Plaintiff. *Sutton v. Utah State Sch. for the Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999). Therefore, I cannot dismiss Plaintiff's complaint for failure to state a claim. To establish copyright infringement, the Plaintiff must prove both ownership of a valid copyright and that Defendants copied the original work. Here, the complaint clearly alleges that the Plaintiff has federally registered copyrights for his architectural works. Further, after reviewing the complaint in the light most favorable to the Plaintiff, I am satisfied that the Plaintiff could present evidence that Defendants copied its designs, entitling the Plaintiff to relief. Accordingly, all Defendants' Motions to Dismiss and Motions for Judgment on the Pleadings under FED. R. CIV. P. 12(b)(6) and FED. R. CIV. P. 12(c) are DENIED.

### C. FED. R. CIV. P. 12(e)

Defendants B & B Custom Homes, David Bagg, and Denise Bagg; John Bennett;

Larry Bennett, and Bennett Construction, Inc.; and Infinity Builders, Inc., F/K/A Castle Homes, Inc. and William Fitzgerald assert in their respective motions that Plaintiff be required to provide a more definite statement under FED. R. CIV. P. 12(e). FED. R. CIV. P. 12(e) provides that "[i]f a pleading . . . is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement . . ." *Id.*

The Defendants argue that Rule 12(e) requires the Plaintiff to specify the "exact acts" of infringement including when they occurred; to identify the specific works that were allegedly infringed; to provide "evidence of direct copying" by stating how, where and/or when the Defendants had access to Plaintiff's allegedly infringed work and to identify "substantial similarity between" the works in question. (Defs. B & B Custom Homes, David Bagg and Denise Bagg's Mot. ¶ 23; Def. John Bennett's Mot. ¶ 13; Defs. Larry Bennett & Bennett Construction's Mot. ¶ 13; Defs. Infinity Builders, Inc., F/K/A Castle Homes, Inc. and William Fitzgerald's Mot. ¶ 19.) Plaintiff, on the other hand, argues that Defendants' interpretation of Rule 12(e) is incorrect. Plaintiff contends that FED. R. CIV. P. 8(a) requires a short, plain statement showing that it is entitled to relief. Further, "in light of this liberal pleading requirement, motions for a more definite statement are highly disfavored." (Pl.'s Resp.s at 5.) Finally, Plaintiff argues that Defendants' motions are just an attempt to discover evidentiary information which should be denied under Tenth Circuit law. (Pl.'s Resp.s at 6.) The Tenth Circuit held that when a "motion for a more definite statement is . . . an attempt to discover evidentiary matters," it is "inappropriate and discovery ought to proceed . . . " *United*

*States v. Gustin-Bacon Division*, 426 F.2d 539, 543 (10th Cir. 1970).

Turning to my findings, I agree with Plaintiff that motions for a more definite statement are not favored. If a complaint satisfies the requirements of Fed. R. Civ. P. 8(a) and fairly notifies the opposing party of the nature of the claim, the motion should be denied. In section B of this Order, I found that Plaintiff's complaint satisfies Rule 8(a). Further, this motion appears to seek information that could be obtained through the discovery process. For these reasons, Defendants' motions for a more definite statement are DENIED.

III. <u>CONCLUSION</u>

Based on the foregoing, it is

ORDERED that Defendants' motions to dismiss for lack of subject matter jurisdiction under FED. R. CIV. P. 12(b)(1) [Docket # 4, 123, 124, 125, and 328] are **DENIED**. It is

FURTHER ORDERED that Defendants' motions to dismiss or for judgment on the pleadings under FED. R. CIV. P. 12(b)(6) and FED. R. CIV. P. 12(c) [Docket # 123, 124, 125, 215, 281, and 328] are **DENIED**. It is

FURTHER ORDERED that Defendants' motions for a more definite statement under FED. R. CIV. P. 12(e) [Docket # 125, 215, 281, and 328] are **DENIED**.

Dated: November 15, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge