UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLORADO

HOME DESIGN SERVICES, INC.,

    Plaintiff,

vs.　　　　　　　　　　　　　　　　　　　　Civil Action No. 06-cv-00249-WYD-GJR

B&B CUSTOM HOMES, LLC, DAVID BAGG,
DENISE BAGG, BENNETT CONSTRUCTION, INC.,
LARRY W. BENNETT, JOHN J. BENNETT,
FRED BISHOP ENTERPRISES, INC., FRED W.
BISHOP, III, INFINITY BUILDERS, INC. f/k/a CASTLE HOMES, INC.,
WILLIAM J. FITZGERALD, MERRITT CONSTRUCTION, INC.,
MERRITT L. SIXBEY, JR., SUSAN MARIE SIXBEY, ROAN CLIFF CORPORATION,
CHERI JO WITT-BROWN, BRIAN ALBERT HURFORD, CRAIG M. GRANLUND,
CRAIG J. CHERRY, PAUL RIENSHE, S & J CONSTRUCTION, INC.,
STEVE STREMEL, JULIANNE STREMEL, ANTON ENGLBRECHET,
SERRA CONSTRUCTION, INC., GARY L. POUSH,
SANDRA L. DORR

    Defendants.

**STIPULATED MOTION FOR REVISED SCHEDULING ORDER**

Plaintiff, Home Design Services, Inc. and Defendants, B&B Custom Homes, LLC, David Bagg, Denise Bagg, Bennett Construction, Inc., Larry Bennett, John Bennett, Fred Bishop Enterprises, Inc., Fred Bishop, Infinity Builders, Inc., William Fitzgerald, Merritt Construction, Inc., Merritt Sixbey, Susan Marie Sixbey, Roan Cliff Corporation, Cheri Jo Witt-Brown, Brian Hurford, Craig Granlund, Craig Cherry, Anton Engelbrecht, Serra Construction, Inc., Gary Poush and Sandra Dorr (hereinafter collectively "the Parties"), through their attorneys Parrish, Lawhon & Yarnell, P.A., Lord, Bissell & Brook LLP, The Hustead Law Firm, Bayer & Carey PC and Gregory R. Giometti & Associates PC jointly submit this Stipulated revision to the Court's Scheduling Order entered in this matter on September 20, 2006 (Docket Entry No. 311). The Parties request that the Court enter an Order revising the Scheduling Order as follows:

## INTRODUCTION

On January 22, 2007, Plaintiff, disclosed to the defense a list of homes, per Defendant, that it believes infringed upon its plans. It is approximately over 100 homes. Defense counsel immediately traveled to Grand Junction to retrieve documents related to the identified homes. These documents include homes that the defense believes should not be included in this lawsuit, pursuant to the defenses' date of injury statute of limitations argument. Collectively, these documents are voluminous, and may eventually exceed 10,000 pages. Even assuming all these documents are discoverable,[1] it will take the defense time to make them available, and Plaintiff will need time to analyze them.

Because counsel have been working towards an understanding of the true scope of this case, each party has additional discovery to which there is no objection to furnish to the other. For instance, Plaintiff is in the process of gathering and sending full plan sets

---

[1] This issue is presently before the Court on Plaintiff's Memorandum of Law. (Docket #381).

2

to the defense. Similarly, defense counsel is preparing to supplement its disclosures and responses to Plaintiff's written discovery.

The present Scheduling Order is inadequate to meet the parties' needs, and without casting blame or aspersion, all counsel respectfully request the Scheduling Order entered September 19, 2006 be revised in accordance with the proposed dates below including the foregoing, additional good cause to modify the Scheduling Order us set forth as follows:

1. Defendants' architectural expert cannot issue his report without reviewing copies of all of HDS' plans;

2. Defendants' damages expert cannot issue his report without Plaintiff providing its actual damages (an issue that is also presently being briefed);

3. Defendants' damages expert could not opine as to the claimed profits due to the alleged infringements without knowing what homes Plaintiff believed Defendants to have infringed (this information was only provided on January 22, 2007);

4. The Roan Cliff Defendants' Motion for Summary Judgment (Docket #367), regarding the Statute of Limitations defense, other Defendants' motions for summary judgment on this same defense (to be shortly filed) will control the depth of discovery, amount of homes at issue, and many other triable issues;

5. Plaintiff's Memorandum of Law (Docket #381)supporting discoverability of all homes Defendants built since 1996 has not yet been fully briefed or ruled upon;

6. Both party and non-party depositions cannot be completed without the full exchange of documents, including discovery ultimately allowed by this Court after ruling on the motions set out above; and

3

7. There are certain non-party depositions that will occur within the State of Florida, which requires coordination and scheduling with multiple counsel.

8. Dependant upon how and when the Court rules on the Statute of Limitations Motions and the other issues currently being briefed, the parties, may request an additional Revised Scheduling Order

Counsel submits that until these motions are ruled upon, documents are exchanged, and until counsel has had a reasonable opportunity to determine the scope of this case for trial/settlement purposes, the present Scheduling Order should be revised as follows:

### 8. REVISED CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings:

**September 2, 2006: Revised: The absence of a revised deadline for amendment of Pleadings shall not be construed as a waiver by Plaintiff of its ability to seek to amend the Complaint to add claims based upon the discovery ultimately produced by the Defendants in the future. Conversely, the Defendants retain all rights, legally and factually, to object to the joinder or amendment of claims, as appropriate.**

b. Discovery Cutoff:

Current: April 30, 2007; Revised: August 30, 2007

c. Dispositive Motion Deadline:

Current: June 30, 2007; Revised: October 30, 2007

d. Expert Witness Disclosure:

January 10, 2007 for Plaintiff

4

**Current:** February 25, 2007 for Defendants; <mark>Revised June 25, 2007</mark>

*(1) State anticipated fields of expert testimony, if any.*

Liability, Damages, and profits attributable to infringement

*(2) State any limitations proposed on the use or number of expert witnesses.*

No more than a total of 4 experts per party. However, the parties reserve the right to object to the admissibility of any expert on any ground authorized by law.

*(3) Current - The parties having the burden of proof on their claims shall designate all experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before* **January 10, 2007 for Plaintiff and February 25, 2007 for Defendants.**

*(3) <mark>Revised</mark> - The parties having the burden of proof on their claims shall designate all experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on <mark>or before</mark>* **January 10, 2007 for Plaintiff and <mark>June 25, 2007 for Defendants.</mark>**

*(4) The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2)* no more than 45 days after the claiming party.

*(5) Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the court.* Noted

e. Deposition Schedule:

| Name of Deponents | Date of Deposition | Expected Length of Deposition |
|---|---|---|
| **Plaintiff and Plaintiff's Representative(s)** | Week of January 22, 2007 | 1 week |
| additional | TBD at Agreement of Parties | TBD |

5

| | | |
|---|---|---|
| **Defendant and Defendant's** | | |
| Representative(s) (current) | Week of February 19, 2007 | 1 week |
| (revised) | TBD at Agreement of Parties | TBD |
| **Plaintiff's and Defendant's** | | |
| Primary Expert(s) (current) | Week of March 19, 2007 | 1 week |
| (revised) | TBD at Agreement of Parties | 1 week |
| **Plaintiff's Rebuttal Expert(s)** | | |
| (current) | Week of April 16, 2007 | 1 week |
| (revised) | TBD at Agreement of Parties | 1 week |

f. Interrogatory Schedule Deadline: **Current: March 15, 2007;** Revised: June 15, 2007.

g. Schedule for Request for Production of Documents and Request for Admissions Deadline shall be **Current: March 15, 2007;** Revised: June 15, 2007.

**NOTE**: Certain Defendants were served Interrogatories and Requests for Production on June 9, 2006. Those Defendants' responses to such discovery must be served no later than September 25, 2006.

h. Discovery Limitations:

(1) Any limits which any party wishes to propose on the number of depositions.

**Pursuant to Federal Rules of Civil Procedure**.

(2) Any limits which any party wishes to propose on the length of depositions.

**Pursuant to Federal Rules of Civil Procedure**.

(3) Modifications which any party proposes on the presumptive numbers of depositions

or interrogatories contained in the federal rules.

**Pursuant to Federal Rules of Civil Procedure**.

(4) Limitations which any party proposes on number of requests for production of documents and/or requests for admissions.

**Pursuant to Federal Rules of Civil Procedure.**

(5) Other Planning or Discovery Orders

N/A

Dated this 16th day of ~~February 2007~~ March:

BY THE COURT:

/s/ Gudrun Rice
~~United States District Court~~
U S Magistrate Judge

Approved:

7