IN THE UNITED STATES DISTRICT COURT
**Judge Wiley Y. Daniel**

Civil Action No.  06-cv-00249-WYD-GJR

HOME DESIGN SERVICES, INC.,

    Plaintiff,

v.

B&B CUSTOM HOMES, LLC, et al.,

    Defendants.

# ORDER

THIS MATTER comes before the Court on four separate motions: (1) Defendants Roan Cliff Corporation, Cheri J. Witt-Brown, Brian Hurford, Craig Cherry and Craig Granlund's Motion for Summary Judgment [Docket #367], (2) Defendants Motion for Summary Judgment Based on Statute of Limitations and Brief in Support Thereof [Docket #413], (3) Defendants Roan Cliff Corporation, Cheri J. Witt-Brown, Brian Hurford, Craig Cherry and Craig Granlund's Joinder in Co-Defendants' Motion for Summary Judgment based on Statute of Limitations [Docket #480], (4) Plaintiff's Motion to Strike Portions of Defendants' Reply, or in the Alternative, for Leave to File Surreply [Docket #498].  For the reasons stated below, I DENY both Motions for Summary Judgment and GRANT in PART and DENY in PART Plaintiff's Motion to Strike Portions of Defendants' Reply, or in the Alternative, for Leave to File Surreply.

Defendants Roan Cliff Corporation Roan Cliff Corporation, Cheri J. Witt-Brown, Brian Hurford, Craig Cherry and Craig Granlund's (hereinafter "Roan Cliff Defendants") also filed a document entitled "Joinder in Co-Defendants' Motion for Summary Judgment Based on Statute of Limitations and Brief in Support Thereof." [Docket #480]. This filing will be construed as a Motion. To the extent that the Roan Cliff Defendants are requesting that they be allowed to join in the additional arguments set forth in the second group of Defendants' Motion for Summary Judgment, I GRANT the Roan Cliff Defendants' Motion for Joinder.

### I.   FACTUAL BACKGROUND

The facts pertinent to the present motions are as follows.[1] According to the Amended Complaint, Plaintiff created various floor plans and elevations. Plaintiff alleges that it complied with the Federal Copyright Act and all other laws governing copyright and received from the Register of Copyrights certificates of registration for these plans. Plaintiff alleges that all Defendants infringed on its copyrights by advertising, designing, constructing, and participating in the construction of one or more residences which were copied largely or were exact duplicates of the plans.

There are two separate Motions for Summary Judgment before this Court, yet they both address the identical question of whether or not Plaintiff's claims are timely. The Roan Cliff Defendants' Motion for Summary Judgment concerns a single custom home that was built for Defendant Rienshe. Rienshe approached Witt Homes (the

---

[1] To the extent the facts are undisputed, I have not cited to the record or the parties' briefs. Further, I have considered the other facts referenced in the briefs filed by the parties, but deem the facts set out herein the most relevant.

-2-

predecessor of Roan Cliff Corporation) in early 1999 about building a custom home in Grand Junction, Colorado. Witt Homes referred Rienshe to Perry Rupp in order to create the plans for his home. Once the plans were completed, Rienshe entered into a contract with Witt Homes to construct the home. The building began in May of 1999 and was completed in February of 2000. In January of 2000, during the construction of the home, Roan Cliff Corporation purchased Witt Homes.

The second Motion for Summary Judgment was filed by defendants Fred Bishop Enterprises and Fred Bishop ("Bishop"), B&B Custom Homes, LLC, David Bagg and Denis Bagg ("B&B Custom Homes"), Infinity Builders, Inc. and William J. Fitzgerald ("Infinity"), Merritt Construction, Inc. And Merritt Sixbey and Susan Marie Sixbey ("Merritt"), Bennett Construction, Inc. and Larry W. Bennett, and John J. Bennett ("Bennett"), Anton Englebrechet ("Englebrechet"), Serra Construction, Inc. and Gary L. Poush and Sandra L. Dorr ("Serra") (hereinafter collectively referred to as "second group of Defendants"). In their Motion for Summary Judgment, the second group of Defendants alleges that the 55 properties at issue in their motion were all built and sold prior to February 14, 2003. For two of the properties, Plaintiff disputes that these properties were built prior to February 14, 2003. (Pl. Resp. at ¶¶ 6 and 7). Because of this dispute, Defendants agree to withdraw these two properties from their Motion. Accordingly, it is undisputed that the remaining 53 properties at issue were built prior to February 14, 2003.

Plaintiff filed its claims for copyright infringement against all Defendants on February 14, 2006. Both Motions for Summary Judgment argue that Plaintiff's claims related to the relevant properties are untimely. Specifically, Defendants argue that Plaintiff's claims are outside the statute of limitations set forth in the Copyright Act .

## II.  MOTIONS FOR SUMMARY JUDGMENT

Defendants' main argument is that the alleged infringement occurred more than three years prior to Plaintiff's filing of the Complaint and is time barred by the statute of limitations. Defendants second argument is that even if the claims are not time barred, Plaintiff cannot collect damages on any infringement that occurred three years prior to the filing of the Complaint. In the alternative, Defendants argue that even if this Court adopts the rule that the statute of limitations did not begin to run until Plaintiff knew or should have known of the alleged infringement, Defendants assert that it is undisputed that Plaintiff was on notice of the alleged infringement more than three years prior to the filing of the Complaint.

### A.  Standard of Review

Pursuant to rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the ... moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Equal Employment Opportunity Comm. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). "When applying this standard, [the court must] 'view

the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.'" *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotation omitted). "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" *Id.* (quotation omitted). "A fact is 'material' if, under the governing law, it could have an effect on the outcome of the lawsuit." *Horizon/CMS Healthcare*, 220 F.3d at 1190. "A dispute over a material fact is 'genuine' if a rational jury could find in favor of the nonmoving party on the evidence presented. *Id.* "The burden of showing that no genuine issue of material fact exists is borne by the moving party. *Horizon/CMS Healthcare*, 220 F.3d at 1190.

"Where a defending party pleads a statute of limitation and moves for summary judgment, and it appears that the action is barred by the appropriate statute of limitations and there is no genuine issue as to any material fact in connection with such statute, ... then the motion for summary judgment should be granted." *Borum v. Coffeyville State Bank*, 6 Fed. Appx. 709, 711 (10th Cir. 2001).

        B.    <u>Plaintiff's Motion to Strike Portions of Defendants' Reply, or in the Alternative, For Leave to File Surreply</u>

The second set of Defendants' Motion for Summary Judgment turns entirely on the issue of whether or not Plaintiff's claims fall outside of the statute of limitations set forth in the Copyright Act. In their Reply, however, Defendants argue for the first time that Plaintiff cannot prove the substance of certain of Plaintiff's claims due to a lack of evidence. "Raising [an] issue for the first time in a reply brief does not suffice; reply briefs reply to arguments made in the response brief-they do not provide the moving

party with a new opportunity to present yet another issue for the court's consideration." *Pacific Gas and Elec. Co. v. U.S.*, 69 Fed. Cl. 784, 817 (Fed. Cl. 2006).

The second group of Defendants urges that this additional argument was responsive to Plaintiff's arguments set forth in their Response to Defendants' Motion for Summary Judgment. I find this argument to be without merit. Accordingly, the issue of whether Plaintiff's have sufficient evidence to survive summary judgment on certain of its claims is not properly before this Court. I find that, in the interests of judicial economy, the best approach is to not consider this additional argument rather than allow Plaintiff to file a Surreply. Accordingly, my analysis below will be limited to the issue of whether or not Plaintiff's claims fall outside of the statute of limitations.

### C. Whether the Injury Rule or Discovery Rule Applies to the Statute of Limitations set forth in the Copyright Act

The Statute of Limitations for a civil action on a copyright infringement claim reads: "[n]o civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." 17 U.S.C. §507(b). However, the statute does not provide any further detail as to when a claim accrues. *Id*. In determining when the claims in this case accrued, I am confronted with two alternatives: either that an infringement claim "accrues" at the time of the infringement (the "injury rule"); or that an infringement claim "accrues" when the plaintiff knows or has reason to know of the injury upon which the claim is based (the "discovery rule"). Not surprisingly, both the Roan Cliff Defendants and the second group of Defendants invite this Court to adopt the "injury rule," which would have the effect of barring any claims where the alleged infringement occurred before February 14, 2003. Plaintiff, on

the other hand, argues that this Court should apply the "discovery rule," which would have the effect of tolling the statute of limitations until the date Plaintiff knew of or had reason to know of the alleged infringement.

Whether or not a claim for copyright infringement accrues as of the date of injury or upon Plaintiff's discovery of the infringement is not a settled question of law in the Tenth Circuit. Nationwide, however, circuit courts confronted with the question have adopted the "discovery rule," holding that an infringement claim accrues at the time of the infringement or has reason to know of the injury upon which the claim is based. *See e.g. Roley v. New World Pictures*, 19 F.3d 479 (9th Cir. 1994); *Roger Miller Music, Inc. v. Sony/ ATV Publishing, LLC*, 477 F.3d 383 (6th Cir. 2007). Further, District Courts in the Tenth Circuit that have considered the issue have adopted the discovery rule. *Fisher v. United Feature Syndicate, Inc.*, 37 F.Supp.2d 1213, 1216 (D.Colo. 1999); *In re Independent Service Organizations Antitrust Litigation*, 85 F.Supp2d 1130 (D.Kan. 2000); *Techni-Graphic Services, Inc.*, 2005 WL 357208 *3 (D.Utah 2005). From Defendants' motions, as well as my own review of the case law, it appears that the only courts to have adopted the "injury rule" in relation to a copyright infringement claim are certain district courts in the Southern District of New York. *Auscape International v. Nat'l Geographic Society*, 409 F.Supp.2d 235 (S.D.N.Y. 2004); *Roberts v. Keith*, 2006 WL 547252 (S.D.N.Y. 2006).

The Tenth Circuit follows the general rule that when statute of limitations is silent on the matter, a federal claim accrues "when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." *Industrial*

*Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994). Defendants argue that the Supreme Court case of *TRW Inc. v. Andrews*, 534 U.S. 19 (2001), abrogated this rule. I disagree. In *TRW Inc.*, the Supreme Court held that the discovery rule did not apply to the statute of limitations set forth in the Fair Credit Reporting Act ("FCRA"). Unlike the statute of limitations at hand, the FCRA contains a general rule and an exception for willful misrepresentation. In the case of willful misrepresentation, the FCRA explicitly states that the suit may be brought "within two years from the date on which the liability arises." 534 U.S. at 22. Because the exception in the FCRA explicitly follows the discovery rule, the Supreme Court concluded that the discovery rule could not be implicit in the general rule as well. *Id.* at 23. In the case of the FCRA, such an interpretation would violate the well recognized principle that "[w]here Congress explicitly enumerates certain exceptions to a general prohibition, additional exceptions are not to be implied, in the absence of evidence of a contrary legislative intent." *Id.* at 28.

In the case of the Copyright Act, however, the statute of limitations is silent on when the claim accrues. Unlike the situation in *TRW Inc.*, there is nothing in the express language of the Copyright Act which precludes the application of the general "discovery rule" in this case. While the Supreme Court did state in *TRW Inc.* that the Supreme Court has not adopted the position that when a statute is silent the discovery accrual rule applies, the Supreme Court did not abrogate the general discovery rule. *Id.* at 447. Consequently, I find that the general discovery rule remains good law and when a statute of limitations is silent on the matter a claim accrues when the plaintiff

-8-

knows or has reason to know of the existence and cause of the injury which is the basis of his action.

The Copyright Act is silent as to when a claim accrues and contains only one general rule without exception. Accordingly, I reject Defendants' invitation to adopt the "injury rule" in this case and find that for purposes of the Copyright Act a claim "accrues" when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action. In the case at hand, when and how the Plaintiff discovered the alleged incidents of infringement remains a disputed issue of material fact.

        D.    <u>Whether the Copyright Act Bars Plaintiff's Recovery of Damages For Acts of Infringement Committed Three Years Prior to the Filing of the Complaint</u>

Defendants also argue that the Copyright Act bars the recovery of damages for any act of infringement occurring more than three years prior to the filing of the Complaint because this court has rejected the "continuing wrong" theory of recovery. Plaintiff, however, is not relying on the "continuing wrong" theory in bringing its claims against Defendant. The applicable rule is that "section 507(b) [of the Copyright Act] bars recovery of damages on any claim *accruing* more than three years prior to filing suit. *Fisher v. United Feature Syndicate, Inc.*, 37 F.Supp.2d 1213, 1217. As explained above, a copyright claim accrues when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action, not when the infringement occurs. Accordingly, Plaintiff is entitled to recover damages on any infringement which occurred within three years of the time when Plaintiff knew or

should have known of the existence and cause of the injury which is the basis of Plaintiff's action.

In the case of *Polar Bear Productions, Inc. v. Timex Corp.*, 384 F.3d 700, 706 (2004), the United States Court of Appeals for the Ninth Circuit rejected a similar argument. In *Polar Bear Productions, Inc.*, the defendant argued that "507(b) prohibits copyright plaintiffs from obtaining any damages resulting from infringement occurring more than three years before filing the copyright action." The court rejected this interpretation of section 507(b), and held that section "507(b) permits damages occurring outside of the three-year window, so long as the copyright owner did not discover and reasonably could not have discovered the infringement before the commencement of the three year limitation period." *Id.* For the aforementioned reasons, I find Defendants' second argument to be without merit.

### E. Whether Plaintiff Knew or Should Have Known of the Alleged Infringement

In the alternative, Defendants argue that even if this Court applies the "discovery rule" to the applicable statute of limitations, Plaintiff's claims are time barred because Plaintiff has been aware or on notice of Defendants' purchase of Plaintiff's plans since 1994. Specifically, Defendants argue that "Plaintiff has admitted that it was aware of sales of HDS plans to Defendants in this case as early as 1994." (Def.'s Motion at 23.) However, I find that whether or not Plaintiff knew or should have known of the alleged infringement before February 14, 2003, remains a disputed issue of material fact. I reject Defendants' argument that a prior purchase of Plaintiff's architectural plans would, as a matter of law, put Plaintiff on notice of potential infringement.

In sum, I find that Plaintiff's copyright claims "accrued" when Plaintiff knew or should have known of the alleged infringement. Further, I find that when and how Plaintiff discovered the alleged infringement remains a question of material fact. Accordingly, both the Roan Cliff Defendants' and the second group of Defendants' Motions for Summary Judgment are without merit and are denied.

### III.   CONCLUSION

Based upon the foregoing, it is

ORDERED that Defendants Roan Cliff Corporation, Cheri J. Witt-Brown, Brian Hurford, Craig Cherry and Craig Granlund's Joinder in Co-Defendants' Motion for Summary Judgment based on Statute of Limitations [Docket #480] is **GRANTED**. It is

FURTHER ORDERED that Plaintiff's Motion to Strike Portions of Defendants' Reply, or in the Alternative, for Leave to File Surreply [Docket #498] is **GRANTED in part and DENIED in part**. Plaintiff's Motion is **GRANTED** to the extent that it requests that the additional argument brought for the first time in Defendants' Reply be stricken. Plaintiff's Motion is **DENIED** to the extent that it requests leave to file a Surreply. It is

FURTHER ORDERED that Defendants Roan Cliff Corporation, Cheri J. Witt-Brown, Brian Hurford, Craig Cherry and Craig Granlund's Motion for Summary Judgment [Docket #367] is **DENIED**. It is

FURTHER ORDERED that Defendants' Motion for Summary Judgment Based on Statute of Limitations and Brief in Support Thereof [Docket #413] is **DENIED**.

Dated:  August 22, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge