IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  06-cv-00249-WYD-GJR

HOME DESIGN SERVICES, INC.,

    Plaintiff,

v.

B&B CUSTOM HOMES, LLC;
DAVID BAGG;
DENISE BAGG;
BENNETT CONSTRUCTION, INC.;
LARRY W. BENNETT;
JOHN J. BENNETT;
FRED BISHOP ENTERPRISES, INC.;
FRED W. BISHOP, III;
INFINITY BUILDERS, INC., f/k/a CASTLE HOMES, INC.;
WILLIAM J. FITZGERALD;
MERRITT CONSTRUCTION, INC.;
MERRIT L. SIXBY, JR.;
SUSAN MARIE SIXBY;
ROAN CLIFF CORPORATION;
CHERI JO WITT-BROWN;
BRIAN ALBERT HURFORD;
CRAIG M. GRANLUND;
CRAIG J. CHERRY;
PAUL RIENSHE;
ANTON ENGLBRECHET;
SERRA CONSTRUCTION, INC.;
GARY L. POUSH;
SANDRA L. DORR;
STONE CREEK HOMES, INC.;
LAUREN J. WHITE; and
ROBERT A. WHITE,

    Defendants.

**ORDER**

I.  INTRODUCTION

In the instant action, the Plaintiff is asserting numerous claims including copyright infringement pursuant to the Copyright Act, 17 U.S.C. § 101.  This matter comes before the Court on the following motions: (1) Defendants' Motion to Invalidate Plaintiff's Copyright Registrations (docket #405), filed March 6, 2007 and (2) Defendants Merritt Construction, Inc., Merritt L. Sixbey, and Susan Marie Sixbey's Motion for Partial Summary Judgment and Motion for Attorneys' Fees (docket #556), filed July 31, 2007.  Based on the dispositive relief requested, and the concession of the Defendants in their reply brief, I construe Defendants' Motion to Invalidate Plaintiff's Copyright Registrations (docket #405) as a motion for partial summary judgment pursuant to Fed. R. Civ. P. 56.  After reviewing the motions as well as the responses and replies, I find that the motions must be denied.  My analysis is set forth below.

II.  ANALYSIS

A.  Standard of Review

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the . . . moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Equal Employment Opportunity Comm. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000).  "When applying this standard, the court must 'view the evidence and draw all reasonable inferences therefrom in the light most

favorable to the party opposing summary judgment.'" *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotation omitted).  All doubts must be resolved in favor of the existence of triable issues of fact.  *Boren v. Southwestern Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir. 1991).

      B.     <u>Whether Partial Summary Judgment is Proper in this Case</u>

"In order to prevail on a claim of copyright infringement, the plaintiff must show: (1) ownership of a valid copyright, and (2) copying by the defendant of protected components of the copyrighted material.  *Gates Rubber Co. v. Bando Chemical Industries, Limited*, 9 F.3d 823 (10th Cir. 1993).  In the case at hand, the Defendants argue that the Plaintiff cannot show the existence of a genuine fact in connection with the first element, the existence of a valid copyright.

I find that Plaintiff demonstrated through its Response and Supporting Memorandum in Opposition to Defendants' Motion to Invalidate Plaintiff's Copyright Registrations and Incorporated Memorandum of Fact and Law that there are genuine issues of material fact regarding the existence of valid copyright registrations.  Plaintiff attached evidence to the Memorandum including testimony from Mr. Zirkel creating a question of fact as to whether any of the plans at issue were published or constructed prior to December 1, 1990.

I further find that the Merrit Defendants' motion for partial summary judgment should be denied pending further discovery.  In its response, Plaintiff attached an affidavit pursuant to Fed. R. Civ. P. 56(f), stating that this motion is premature because formal discovery has not been completed.  Therefore, I find that summary judgment is

not appropriate on this claim at this time.

III.     CONCLUSION

Based upon the foregoing, it is

ORDERED that Defendants' Motion to Invalidate Plaintiff's Copyright Registrations (docket #405), filed March 6, 2007 is **DENIED**.  It is

FURTHER ORDERED that Defendants Merritt Construction, Inc., Merritt L. Sixbey, and Susan Marie Sixbey's Motion for Partial Summary Judgment and Motion for Attorneys' Fees (docket #556), filed July 31, 2007 is **DENIED**.  It is

FURTHER ORDERED that **the hearing set for Monday, December 10, 2007 is VACATED.**

Dated:  November 8, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge