IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00249-WYD-GJR

HOME DESIGN SERVICES, INC.,

    Plaintiff,

v.

B&B CUSTOM HOMES, LLC,
DAVID BAGG,
DENISE BAGG,
BENNETT CONSTRUCTION, INC.,
LARRY W. BENNETT,
JOHN J. BENNETT,
FRED BISHOP ENTERPRISES, INC.,
FRED W. BISHOP, III,
INFINITY BUILDERS, INC. f/k/a CASTLE HOMES, INC.,
WILLIAM J. FITZGERALD,
MERRITT CONSTRUCTION, INC.,
MERRITT L. SIXBEY, JR.,
SUSAN MARIE SIXBEY,
ROAN CLIFF CORPORATION,
CHERI JO WITT-BROWN,
BRIAN ALBERT HURFORD,
CRAIG M. GRANLUND,
CRAIG J. CHERRY,
PAUL RIENSHE,
S & J CONSTRUCTION, INC.,
ANTON ENGLBRECHT,
SERRA CONSTRUCTION, INC.,
GARY L. POUSH,
SANDRA L. DORR,
STONE CREEK HOMES, INC.,
LAUREN J. WHITE, and
ROBERT A. WHITE,

    Defendants.

---

**ORDER GRANTING (IN PART) DEFENDANTS' MOTION FOR SANCTIONS (Doc. # 550) AND SUPPLEMENT TO MOTION FOR SANCTIONS (Doc. # 620)**

---

This matter comes before the court on the Motion for Sanctions (Doc. #550) filed by Defendants B&B Custom Homes, LLC, David Bagg, Denise Bagg, Bennett Construction, Inc., Larry W. Bennet, John J. Bennett, Fred Bishop Enterprises, Inc., Fred W. Bishop, III, Merritt Construction, Inc., Merrit L. Sixby, Jr., Susan Marie Sixby, Serra Construction, Inc., Gary L. Poush, Sandra L. Dorr, Infinity Builders, Inc., f/k/a Castle Homes, and William J. Fitzgerald (collectively "Defendants"). The Roancliff Defendants (Roan Cliff Corporation, Cheri J. Witt-Brown, Brian Hurford, Craig Granlund and Craig B Cherry) joined in the Motion (Doc. # 553). Oral argument on the Motion for Sanctions has been waived by the parties. The Motion is fully briefed.

On November 7, 2007 the Defendants B&B Custom Homes, LLC, David Bagg, Denise Bagg, Bennett Construction, Inc., Larry W. Bennet, John J. Bennett, Fred Bishop Enterprises, Inc., Fred W. Bishop, III, Merritt Construction, Inc., Merrit L. Sixby, Jr., Susan Marie Sixby, Serra Construction, Inc., Gary L. Poush, Sandra L. Dorr, Infinity Builders, Inc. f/k/a Castle Homes, Inc., and William J. Fitzgerald (collectively "Defendants") filed a Supplement to the Motion for Sanctions (Doc. # 620). The Plaintiff responded on November 26, 2007 (Doc. # 630) confessing in part the Defendants' Supplement to the Motion for Sanctions. No further briefing or argument is considered necessary on the Defendants' Supplement to the Motion for Sanctions.

For the reasons set forth below I GRANT, in part, the relief requested in the Defendants' Motion for Sanctions and in the Defendants' Supplement to the Motion for Sanctions.

**BACKGROUND**

The Plaintiff Home Design Services (HDS) has asserted numerous claims against multiple Defendants, including copyright infringements pursuant to the Copyright Act. 17 U.S.C. 101 *et seq*.

The Federal Copyright Act accords protection to "original works of authorship fixed in any

tangible medium of expression from which such works can be perceived, reproduced or otherwise communicated, either directly or with the aid of a machine or device." Works of authorship include architectural works. 17 U.S.C.A. 102(a).

The Plaintiff has alleged that Defendants illegally copied and used Plaintiff's copyrighted house plans to build numerous houses in the Grand Junction, Colorado area without Plaintiff's knowledge and consent and in violation of the Federal Copyright Act. The Defendants have generally denied the allegations of the Plaintiff in their answers to the amended complaint.

Discovery disputes have arisen between the parties. The Court has been asked to intervene in discovery disputes that the parties have not been able to resolve among themselves. Recently this Court, after finding discovery of house plans requested by the Plaintiff relevant to the subject matter involved in the action and reasonably calculated to lead to the discovery of admissible evidence, ordered the Defendants to produce discovery relating to any home built by any Defendant since 1996. [Order (Doc. # 617) denying Defendants' Motion (Doc. # 580) for Protective Order]. The Court ordered the parties to coordinate discovery activities so that the ordered discovery would not be overly burdensome to the Defendants.

## MOTION FOR SANCTIONS AND SUPPLEMENT TO THE MOTION

The Defendants allege in their Motion for Sanctions filed with the court on July 27, 2007 and in their Supplement to the Motion filed with the Court on November 7, 2007 that Plaintiff HDS, in its efforts to obtain discovery, is not complying with and is in fact abusing the rules governing discovery as set forth in the Federal Rules of Civil Procedure. Particularly, the Defendants allege that the Plaintiff served third party subpoenas on Mesa County, on Garfield County, on Autodraft Design and on the Bank of Colorado without prior notice to the Defendants, in violation of Federal Rule of

Civil Procedure 45(b). Counsel for the Plaintiff confesses the mistake, blaming the mistake on counsel's staff.

The Defendants also allege that the Plaintiff did not serve on any defendant the subpoenas issued to Mesa County, Autodraft Design and Bank of Colorado and that no affidavit of service was filed with regard to the subpoenas served on Mesa County, Garfield County and Autodraft Design. The Defendants also allege that the Plaintiff failed to produce to the Defendants the exhibits produced to Plaintiff by Mesa County and Autodraft Design (although these exhibits were used in motions) and failed to timely produce to Defendants the documents produced by Garfield County and Autodraft Design, as required by Fed.R.Civ.P. 26(e)(1). While disagreeing with some of the particular allegations, the Plaintiff generally agrees that mistakes have been made, but that any mistakes that may have been made have been remedied and that no harm has been caused to the Defendants by these mistakes.

The Defendants charge in their Supplement to the Motion for Sanctions, filed with the Court on November 7, 2007, that the Plaintiff first disclosed at a recent deposition and first delivered to Defendants' counsel at the deposition 71 pages of documents which had been produced to Plaintiff by Autodraft Design in response to Plaintiff's non-party subpoena over three months earlier. Counsel for Plaintiff confesses the mistake, again caused by staff, and apologizes to the Court and to the Defendants but argues that the Defendants suffered no prejudice.

The Defendants allege that the conduct of the Plaintiff is prejudicial to the Defendants, that it violates fundamental fairness, drives up defense costs, and serves to create delay and uncertainty. Defendants' counsel also express concern that while Plaintiff's counsel has admitted to violations of the discovery process and has remedied some violations, the Plaintiff's remedies have been slow in

coming and incomplete.

The Plaintiff responds that the failure to serve prior notice of the third party subpoenas was an inadvertent mistake and has been cured. The Plaintiff avers that all responsive documents have been produced. The Plaintiff further responds that the Defendants cannot and have not demonstrated any harm or prejudice, given that they have no standing to object to third party subpoenas, and that the records are mostly public records and do not relate to the Defendants.

The Plaintiff argues that the Defendants have adopted the tactic of castigating, impugning and attacking the Plaintiff and its attorneys in order to prevent Plaintiff HDS from conducting discovery and from getting records of the homes built by the Defendants. It is the Plaintiff's position that "only the guilty fight so hard to hide records." (Plaintiff's Response to Motion for Sanctions, p. 15)

## DISCUSSION

The Plaintiff, in seeking relief in the Federal Court for alleged violations of the Federal Copyright Act, accepts the concomitant responsibility of following the rules of the Court and adhering to the Federal Rules of Civil Procedure and the Local Rules of Practice for the United States District Court for the District of Colorado.

While it could be anticipated in any lawsuit that disputes may arise with regard to discovery, and disputes have arisen in this case, it cannot and should not be anticipated that the parties will not comply with the Federal Rules of Civil Procedure and the Local Rules of Practice while engaged in the lawsuit.

The Federal Rules of Civil Procedure were enacted to protect the integrity of the judicial process and to promote a fair environment for parties to litigate their claims and defenses. *See* Fed.R.Civ.P. 1. When one party repeatedly fails to abide by the Federal Rules, it automatically

prejudices and disadvantages the other party. *See Id.*

The Plaintiff seeks to avail himself of the protections accorded in the Federal Copyright Act. He has chosen the United States District Court for the District of Colorado as the forum within which to litigate his claims. Both the Plaintiff and the Defendants are entitled to a fair environment within which to litigate their claims and defenses. If either party fails to comply with the Federal Rules of Civil Procedure the integrity of the judicial process is disrupted. The Plaintiff, who has chosen the forum to litigate his claims, must be scrupulous in adhering to the Rules of Civil Procedure and the Local Rules of this Court. It is not sufficient to say that mistakes are innocent or inadvertent or that a mistake was made by staff. A plaintiff taking on the burden of a lawsuit also takes on the burden of knowing the Federal Rules of Civil Procedure and the Local Rules of Practice and complying with the Rules.

In an effort to assure Plaintiff's compliance with the Federal Rules of Civil Procedure the Defendants have requested that this Court enter an Order:

    a. Granting Defendants' Motion for Sanctions;

    b. Ordering Plaintiff's counsel to file an affidavit with the Court within five (5) days of the Order, certifying that he and his office will comply with the Federal Rules of Civil Procedure and the Local Rules of this District;

    c. Ordering Plaintiff's counsel to file an affidavit with the Court within five (5) days of the Order, confirming that all documents produced to Plaintiff and/or Plaintiff's counsel pursuant to any and all non-party subpoenas have been produced to all defense counsel;

    d. Ordering Plaintiff to provide prior notice and to serve all defense counsel with full copies of any subpoenas it serves in the future;

e. Ordering Plaintiff to disclose and produce all documents received in the future from any subpoena within five (5) days of receipt of same;

f. Ordering the documents used in Plaintiff's motions that were not disclosed or produced be stricken from the motions;

g. Ordering Plaintiff to pay Defendants' expenses, including attorneys' fees, associated with this Motion for Sanctions; and

h. For all other relief the Court deems just and proper.

Additionally, in their Supplement to the Motion for Sanctions, the Defendants request that the Court order that any evidence received and not disclosed to the Defendants within 5 days of receipt be excluded from the case.

Plaintiff has confessed in both his response to the Motion for Sanctions and to the Supplement to the Motion for Sanctions that he has made mistakes. He argues that the mistakes did not harm or prejudice any of the Defendants. The plaintiff admits that disclosure of third party discovery has not been timely made in the past. He apologizes and promises to comply in the future and agrees to be bound by most of the Defendants' requests. The Plaintiff resists, however, the exclusion of evidence or the striking of documents from motions and the requested award of attorneys fees and costs.

Plaintiff asserts that all issues raised in the Motion for Sanctions could have and should have been addressed in a good faith effort between the parties and without Court intervention. Plaintiff argues that the failure of production was a result of genuine mistakes, not deliberate misconduct.

I decline to order at this time that any documents used in Plaintiff's motions that were not disclosed or produced be stricken from the motion. I also decline at this juncture to strike from

evidence any documents not produced. I do adopt, however, the request of the defendants in almost all other particulars. I find that the Plaintiff has repeatedly failed to comply with the Federal Rules of Civil Procedure. Plaintiff's assertion that Defendants have frustrated in Plaintiff's efforts to obtain discovery does not excuse Plaintiff from complying with the Rules of Procedure.

My fellow Magistrate Judge in the District of Kansas, the Honorable David Waxse writes: "When a party fails to receive prior notice of the information sought from a non-party, a party is deprived of its greatest safeguard under the Rule (45), that is, the ability to object to the release of the information prior to disclosure. In addition, when an attorney misuses his or her power under Rule 45 to command a non-litigant to produce documents in a lawsuit to which he or she is a stranger by failing to give appropriate notice to the parties, public confidence in the integrity of court processes is eroded. *(Welch v. Centex Home Equity Co, LLC et al*, 2004 WL 2331921 (D.Kan.)

I find that when a party repeatedly fails to comply with the Rules of Civil Procedure, not just by failing to comply with the safeguards offered by Rule 45 but with any of the safeguards contained in the Federal Rules of Civil Procedure, confidence of both the public and litigants in the integrity of the court processes is eroded. To protect the integrity of the court processes, for both the litigants and the public, the Rules must be followed.

It should not be necessary to order a party to a lawsuit to comply with the Federal Rules of Civil Procedure or with the Local Rules of Practice. Because the Defendants have shown that the Plaintiff has repeatedly failed to comply with the Rules of Civil Procedure and, particularly, has failed to follow the requirements set forth in Rule 45 (b)(1) and Rule 26 (e)(1) of the Federal Rules of Civil Procedure, I find it necessary to order the Plaintiff to comply. The Plaintiff's *"Mea Culpa's"* and

promises to comply in the future are insufficient to assure future compliance with the Rules of Procedure.

The Plaintiff's failures, whether they have been inadvertent, or simply careless, or caused by inadequately trained or supervised or overworked staff, are not acceptable. Because the violations are multiple I find that it is necessary to order the Plaintiff to comply with the Federal Rules of Civil Procedure. I admonish the Plaintiff and his counsel against any further failures to comply with the Rules of Civil Procedure and with the Local Rules of Practice. I also advise the Plaintiff that any further failures to comply with the Rules of Procedure would be seen as a failure to obey a court order and further sanctions could be ordered.

I enter the following Order:

a. the Defendants' Motion for Sanctions is granted, in part;
b. Plaintiff's counsel is ordered to file an affidavit with the Court within five (5) days of this Order, certifying that he and his office will comply with the Federal Rules of Civil Procedure and the Local Rules of this District;
c. Plaintiff's counsel is ordered to file an affidavit with the Court within five (5)days of this Order, confirming that all documents produced to Plaintiff and/or Plaintiff's counsel pursuant to any and all non-party subpoenas have been produced to all defense counsel;
d. Plaintiff is ordered to provide prior notice and to serve all defense counsel with full copies of any subpoenas it serves in the future;
e. Plaintiff is ordered to disclose and produce all documents received in the future from any subpoena within twenty days (20) of receipt of same;

f.  Plaintiff is ordered to pay Defendants' expenses, including attorneys' fees, associated with the Motion for Sanctions and the Supplement to the Motion for Sanctions.

DATED this 7th day of December, 2007.

BY THE COURT:

s/ Gudrun J. Rice

Gudrun J. Rice
United States Magistrate Judge