IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 06-cv-00249-WYD-GJR

HOME DESIGN SERVICES, INC.,

    Plaintiff,

v.

B&B CUSTOM HOMES, LLC, *et al.*;

    Defendants.

# ORDER

## I.    INTRODUCTION

In the instant action, the Plaintiff is asserting numerous claims including copyright infringement pursuant to the Copyright Act, 17 U.S.C. § 101. This matter comes before the Court on the Motion for Summary Judgment by Defendants Denise Bagg, John Bennett, Susan Marie Sixbey and Sandra Dorr (docket #453), filed April 3, 2007. It should be noted that on July 9, 2007, Defendant John J. Bennett filed a notice with the Court withdrawing from the instant motion (docket #526). Further, on November 13, 2007, after seeking leave of the Court, the Defendants filed a supplement to their motion for summary judgment. On December 4, 2007, the Plaintiff responded to Defendants' supplement. After reviewing the motion, response, reply and the supplemental documents, I find that this motion must be denied without prejudice pending further discovery. My analysis is set forth below.

II. ANALYSIS

   A. Standard of Review

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the . . . moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Equal Employment Opportunity Comm. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000).  "When applying this standard, the court must 'view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.'"  *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotation omitted).  All doubts must be resolved in favor of the existence of triable issues of fact.  *Boren v. Southwestern Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir. 1991).

   B. Whether Partial Summary Judgment is Proper in this Case

"In order to prevail on a claim of copyright infringement, the plaintiff must show: (1) ownership of a valid copyright, and (2) copying by the defendant of protected components of the copyrighted material.  *Gates Rubber Co. v. Bando Chemical Industries, Limited*, 9 F.3d 823 (10th Cir. 1993).  In the case at hand, Defendants Denise Bagg, Susan Marie Sixbey and Sandra Dorr argue that they cannot be held liable for copyright infringement because "(1) they were not aware of any alleged infringing activities, and (2) they were without any decision-making authority regarding

any of the alleged infringing acts and did not have a financial interest in any of the alleged infringing acts." (Def.s' Mot. at 3.)

I find that Plaintiff demonstrated through its response, supplement, and supporting exhibits that the Motion for Summary Judgment by Defendants Denise Bagg, Susan Marie Sixbey and Sandra Dorr should be denied pending further discovery. In its response, Plaintiff attached an affidavit pursuant to Fed. R. Civ. P. 56(f), stating that this motion is premature because formal discovery has not been completed. Therefore, I find that summary judgment is not appropriate on this claim at this time, and this motion must be denied without prejudice.

III. CONCLUSION

Based upon the foregoing, it is

ORDERED that Motion for Summary Judgment by Defendants Denise Bagg, Susan Marie Sixbey and Sandra Dorr (docket #453), filed April 3, 2007 is **DENIED WITHOUT PREJUDICE**.

Dated: December 12, 2007

BY THE COURT:

s/ Wiley Y. Daniel  
Wiley Y. Daniel  
U. S. District Judge