UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Gudrun J. Rice

Civil Action No. 06-cv-00249-WYD-GJR

HOME DESIGN SERVICES, INC.,

    Plaintiff,

v.

B&B CUSTOM HOMES, LLC,
DAVID BAGG, DENISE BAGG,
BENNETT CONSTRUCTION, INC.,
LARRY W. BENNETT, JOHN J. BENNETT,
FRED BISHOP ENTERPRISES, INC.,
FRED W. BISHOP III,
INFINITY BUILDERS, INC. f/k/a CASTLE HOMES, INC., WILLIAM
J. FITZGERALD,
ROAN CLIFF CORPORATION,
CHERI JO WITT-BROWN,
BRIAN ALBERT HURFORD,
CRAIG M. GRANLUND,
CRAIG J. CHERRY,
PAUL RIENSHE,
SERRA CONSTRUCTION, INC.,
GARY L. POUSH,
SANDRA L. DORR,

    Defendants.
_____

**ORDER ON EXPEDITED EMERGENCY MOTION FOR CONTEMPT SANCTIONS**
_____

THIS MATTER comes before the Court on the Defendant Denise Bagg's Expedited Emergency Motion for Contempt Sanctions against the Plaintiff filed on December 4, 2007. (Doc. 634)

The Defendant in her Motion requests that the Court order Plaintiff and its counsel to

comply with all rules and Orders and to "issue a $25,000.00 contempt fine against the law firm of Parrish, Lawhon and Yarnell to be paid to Denise Bagg personally within ten (10) days of the Court's Order." (Doc. 634 at page 5 of 8)

In her Reply Brief (Doc. 657) the Defendant reiterates her request that the Court grant the Defendant's Motion for Contempt, find the Plaintiff and the attorney for the Plaintiff Mr. Lawhon in civil contempt, "fine the Law Firm of Parish, Lawhon & Yarnell $25,000.00 within ten (10) days whether payable to either Mrs. Bagg or the Court's registry," and for any and all relief the Court deems proper. (Doc. 657 at page 15 of 18)

Having considered the Defendant Denise Bagg's Expedited Emergency Motion for Contempt Sanctions, filed on December 4, 2007 (Doc. 634), Plaintiff's Response, filed on December 21, 2007 (Doc. 647) and the Defendant's Reply (Doc. 657), filed on January 7, 2008, and the prerequisites for an adjudication for civil contempt, I deny Defendant Denise Bagg's Expedited Emergency Motion for Contempt Sanctions for the reasons set forth below:

## BACKGROUND

On March 29, 2007 the Defendants, unopposed, moved for entry of a Proposed Stipulated Protective Order, which had been agreed to by all parties and under which terms the parties had been operating informally since January 2007. (Doc. 444)

By Minute Order dated April 9, 2007 (Doc. 461) the proposed Stipulated Protection Order (Doc. 444-2) was entered and made an order of court.

The purpose of the Stipulated Protective Order is "to protect the dissemination of both Plaintiff's and Defendants' confidential or highly confidential information, as defined in the

Proposed Stipulated Protective Order." [Unopposed Motion for Entry of Proposed Stipulated Protective Order (Doc. 444) at page 2]

On December 4, 2007, in the course of the litigation in this matter, the Plaintiff filed a Response and Supporting Memorandum in Opposition to Defendant Denise Bagg's previously filed (at Doc. 625) Supplement to Individual Defendant's Motion for Summary Judgment. (Doc. 632)

Attached to the Plaintiff's Response (Doc. 632) were three exhibits: Exhibits 1 and 2, comprised of 5 pages of transcripts of deposition testimony (Docs. 632-2 and 632-3) and Exhibit 3, comprised of 28 pages of income tax returns marked "Confidential." (Doc 632-4)

The civil docket in this matter reflects that on December 4, 2007 a modification was made to docket entry 632 with regard to Exhibit 3, as follows: "(Modified on 12/4/2007 Exhibit 3 has been filed under SEAL as it was stamped CONFIDENTIAL)(erv2)".

A further docket entry on December 4, 2007 (Doc. 633) states: "Docket Annotation re: 632 Response to Motion, Exhibit 3 has been placed under SEAL as a confidential document Income Tax information forms. Csl will need to file a Motion to Seal this document with an attached proposed order) Text only entry - no document attached (erv2,) (Entered 12/04/2007)"

On December 4, 2007 the Defendant Denise Bagg filed the Expedited Emergency Motion for Contempt Sanctions. (Doc. 634)

On December 6, 2007 the Plaintiff filed an Unopposed Motion for Leave to File Confidential Tax Information Under Seal, and Memorandum of Law in Support. (Doc. 636)

On December 7, 2007 the Plaintiff's Motion for Leave to File Confidential Tax

3

Information Under Seal was granted. The Clerk of the Court was instructed to file under seal Exhibit # 3 to Plaintiff's Response and Supporting Memorandum in Opposition to Defendant Denise Bagg's Supplement to Individual Defendant's Motion for Summary Judgment. (Doc. 639)

On December 12, 2007 the Emergency Motion for Contempt Sanctions filed by Defendant Denise Bagg was referred to the undersigned Magistrate Judge by the Honorable Wiley Y. Daniel. (Doc. 640)

**STANDARD OF REVIEW**

As the parties are aware, the purpose, procedure and penalty for criminal contempt differ from those for civil contempt. The purpose of criminal contempt is to punish a person for a past act of contempt. Criminal contempt has the characteristics of a crime and the contemnor is cloaked with the safeguards of one accused of crime. The purpose of civil contempt is to compel someone to do or not do a certain act.

The Defendant Denise Bagg has moved this Court to find the Plaintiff and the attorney for the Plaintiff in civil contempt for their violation of a court order. "Civil contempts provide a remedy for a party who has been injured by the violation of a court order." *Hyde Constr. Co. v. Koehring Co.,* 388 F.2d 501, 511 (10th Cir.1968)

Civil contempt has a remedial objective and seeks to compel compliance with a Court's order for the benefit of the complainant. *International Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 827-28 (1994). In the civil contempt context, a plaintiff must prove liability by clear and convincing evidence. *Federal Trade Comm. v. Kuykendall*, 371 F.3d 745,

756-57 (10th Cir.2004).

In analyzing Defendant's Emergency Motion for Contempt Sanctions I look to the 10th Circuit ruling in *O'Conner v. Midwest Pipe Fabrications, Inc*., 972 F.2d 1204 (10th Cir.1992):

> Sanctions for civil contempt may only be employed for either or both of two distinct remedial purposes: "(1) to compel or coerce obedience to a court order...; and (2) to compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance[.]" *Shuffler*, 720 F.2d at 1147 (citing *Shillitani v. United States*, 384 U.S. 364, 370-71, 86 S.Ct. 1531, 1536, 16 L.Ed.2d 622 (1966) and *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 31 S.Ct. 492, 55 L.Ed. 797 (1911)); *see United States v. United Mine Workers*, 330 U.S. 258, 303-04, 67 S.Ct. 677, 701, 91 L.Ed. 884 (1947); *Ager v. Jane C. Stormont Hosp.*, 622 F.2d 496, 500 (10th Cir.1980). Where the purpose of the sanction is "coercive," the court must consider "the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired." *United Mine Workers*, 330 U.S. at 304, 67 S.Ct. At 701. The Supreme Court has also recently cautioned that a court must exercise "the least possible power adequate to the end proposed." *Spallone v. United States*, 493 U.S. 265, 280, 110 S.Ct. 625, 635, 107 L.Ed.2d 644 (1990) (quotation omitted). To be consistent with these principles, coercive civil sanctions may only continue "until terminated by compliance." *Professional Air Traffic Controllers*, 703 F.2d at 445.
>
> One the other hand, "[i]f a fine is imposed for compensatory purposes, the amount of the fine must be based upon the complainant's actual losses sustained as a result of the contumacy." *Perfect Fit Indus., Inc. v. Acme Quilting Co., Inc.*, 646 F.2d 800, 810 (2d Cir.1981); *see United Mine Workers*, 330 U.S. at 304, 67 S.Ct. At 701; *Allied Materials Corp.*, 620 F.2d 224, 227 (10th Cir.1980). Moreover, "[i]n the absence of evidence showing the amount of the loss, any sum awarded by the court is speculative and therefore arbitrary." *Allied Materials Corp.*, 620 F.2d at 227.

*O'Conner v. Midwest Pipe Fabrications, Inc.,* at page 1211.

Civil contempt sanctions, or those penalties designed to compel future compliance with a court order, are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and opportunity to be heard. *International*

5

*Union*, *supra*, at 827. A contempt fine accordingly is considered civil and remedial if it either coerces the defendant in a civil contempt action into compliance with the court's order or compensates the complainant for losses sustained. *Id*. at 829

## ANALYSIS

The Defendant Denise Bagg asks the Court to impose sanctions for civil contempt against the Plaintiff and the Plaintiff's attorney for their violation of the Stipulated Protective Order by publishing the Defendant Denise Bagg's (and Mr. Bagg's and B&B Custom Homes') tax returns. (Doc. 634 Motion - at page 4 of 8)

I take judicial notice of the docket entries for December 4, 2007. The Defendant's tax records, marked "Confidential," were not filed under seal. The Defendant's tax records were placed under seal by the docketing clerk on December 4, 2007. After the tax records were placed under seal by the clerk, the Defendant filed the Expedited Emergency Motion for Contempt Sanctions. On December 6, 2007 the Plaintiff moved the Court to order the confidential tax records sealed. The records were ordered sealed on December 7, 2007.

Sanctions for civil contempt may be employed for the remedial purpose of compelling or coercing obedience to a court order. (*O'Conner, supra,* at 1211). The tax records were sealed by the clerk on the day of their filing, and ordered sealed three days later. Contempt sanctions against the Plaintiff and the Plaintiff's attorney would not serve the remedial purpose of compelling or coercing obedience to the Stipulated Protective Order. Any contempt that occurred was purged by the sealing by the clerk of the tax records on December 4, 2007 and on December 7, 2007 by the Court's order.

Defendant Denise Bagg also requests, however, that the law firm representing the Plaintiff, Parish, Lawhon & Yarnell, be sanctioned by a fine in the amount of $25,000.00. Sanctions for civil contempt may be employed to compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance with the court's order. *O'Conner, supra* at 1211. If a fine is imposed for compensatory purposes, the amount of the fine must be based upon the complainant's actual losses sustained as a result of the contumacy. The court may order a contemnor to reimburse an injured party for losses actually sustained from noncompliance and for expenses reasonably and necessarily incurred in attempting to enforce compliance. *Norman Bridge Drug Co. v. Banner*, 529 F.2d 822,827 (5th Cir.1976) Where the purpose is to compel obedience to the court order or to compensate the litigant for injuries sustained from the disobedience, civil contempt is proper. In civil cases, the beneficiary of civil contempt is the individual litigant.

Civil contempt divides into two general classes: coercive and compensatory. Both classes benefit the injured litigant, but in different ways. Coercive civil contempt is intended to make the recalcitrant party comply. Compensatory civil contempt reimburses the injured party for the losses and expenses incurred because of his adversary's non-compliance. This includes losses flowing from noncompliance and expenses reasonably and necessarily incurred in the attempt to enforce compliance. *Norman Bridge, supra* at 827

If a fine is imposed on a contemnor in order to reimburse an injured party, that fine must be based on evidence of the complainant's actual losses. (*McDonald's Corp. v. Victory Investments*, 727 F.2d 82, 87 (3d Cir.1984)

7

The Defendant Denise Bagg has presented no information to the court, whether in the motion itself or by way of affidavit, that supports her request for a sanction in the amount of $25,000.00 or which shows the court that she has suffered actual losses.

**PROCEDURE**

The Defendant Denise Bagg has moved the Court to impose sanctions on the Plaintiff's attorney for his failure to comply with a court order. The Defendant Denise Bagg requests that the Plaintiff and the Plaintiff's attorney be sanctioned for civil contempt. Federal Rule of Criminal Procedure 42 applies to criminal contempt. There is no similar procedural rule for civil contempt. While I do not excuse what appears from the record to have been a flagrant disregard of the confidentiality obligations of the Stipulated Protective Order, the Plaintiff and the Plaintiff's attorney are nevertheless entitled to certain procedural safeguards in a proceeding for civil contempt.

A person charged with civil contempt is entitled to a show cause hearing, to be represented by counsel, to be given adequate notice, and to have an opportunity to be heard. *United States v. Anderson*, 553 F.2d 1154 (8th Cir.1977), *United States v. Powers*, 629 F.2d 619 (9th Cir.1980), *In re Rosahn*, 671 F.2d 690 (2nd Cir.1982) A civil contempt proceeding, which may lead to a penalty, is a trial rather than a hearing on a motion. Testimony is by way of live witnesses and not by affidavit. A civil contempt proceeding is conducted in accordance with the Federal Rules of Evidence (Fed.R.Evid.1101(b)). Plaintiff and Plaintiff's attorney must be accorded a reasonable period of time in which to prepare a defense. Civil contempt must be established by clear and convincing evidence.

## CONCLUSION

Civil contempt proceedings are intended to coerce compliance with a court order, compensate the complainant for losses sustained by reason of non-compliance or both. Civil contempt has a remedial objective.

Based on the information in the Defendant Denise Bagg's Motion, the Plaintiff's Response and the Defendant's Reply and the civil docket in this case, I find that the Defendant's tax records were sealed on December 4, 2007, making a sanction for the purpose of coercion moot.

However, the Defendant also petitions the court to impose a fine in the amount of $25,000.00 against the attorney for the Plaintiff as a sanction for civil contempt. If a fine is to be imposed on the attorney for the Plaintiff, the sanction is imposed only to reimburse the Defendant for the losses that she sustained. The fine must be based on evidence of the complainant's actual losses. There is no information presently before the court which substantiates any claim of actual loss to the Defendant Denise Bagg.

I am unwilling to set this matter for a proceeding in contempt absent some showing that the defendant Denise Bagg has suffered some actual loss. Until and unless there is an allegation of actual loss this matter will not be set for a show cause hearing. This matter can be reconsidered upon a proper motion for an order to show cause.

I therefore deny the Defendant's Expedited Emergency Motion for Contempt Sanctions, without prejudice.

DATED this 3rd day of April, 2008.

BY THE COURT:

s/ Gudrun J. Rice

Gudrun J. Rice
United States Magistrate Judge