UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Gudrun J. Rice

Civil Action No. 06-cv-00249-WYD-GJR

HOME DESIGN SERVICES, INC.,

    Plaintiff,

v.

B&B CUSTOM HOMES, LLC,
DAVID BAGG, DENISE BAGG,
BENNETT CONSTRUCTION, INC.,
LARRY W. BENNETT, JOHN J. BENNETT,
FRED BISHOP ENTERPRISES, INC.,
FRED W. BISHOP III,
INFINITY BUILDERS, INC. f/k/a CASTLE HOMES, INC.,
WILLIAM J. FITZGERALD,
MERRITT CONSTRUCTION, INC.,
MERRITT L. SIXBEY, JR.,
SUSAN MARIE SIXBEY,
PAUL RIENSHE,
SERRA CONSTRUCTION, INC.,
GARY L. POUSH,
SANDRA L. DORR,

    Defendants.
_____

**ORDER DENYING RULE 54 MOTION FOR ATTORNEYS' FEES AND EXPENSES**
_____

The Motion for Attorneys Fees and Expenses (docket # 651) filed by the Defendants on December 21, 2007, seeking payment of attorney fees in the amount of $24,057.50 and expenses in the amount of $1069.56 is **DENIED** for the reasons set forth below.

## BACKGROUND

The Plaintiff has sued multiple Defendants, alleging copyright violations. In the course

of the litigation, the Defendants alleged, in a Motion for Sanctions filed with the Court on July 27, 2007 (docket # 550), that the Plaintiff had repeatedly failed to abide by the Federal Rules of Civil Procedure, particularly by engaging in abusive discovery conduct. The Defendants sought sanctions against the Plaintiff, including payment of reasonable expenses, attorneys' fees and any of the other sanctions set forth in Rule 37(b)(2)(A)(c) and Rule 37(c)(1).

On December 7, 2007 I entered an Order (docket # 638) granting in part Defendants' Motion for Sanctions and Supplement to Motion for Sanctions. I found that the Plaintiff had repeatedly failed to comply with the Rules of Civil Procedure, and particularly, had failed to comply with the requirements set forth in Rule 45(b)(1) and Rule 26(e)(1) of the Federal Rules of Civil Procedure. I found it necessary to order the Plaintiff to comply. I admonished the Plaintiff and his counsel against any further failures to comply with the Rules of Civil Procedure and with the Local Rules of Practice and advised the Plaintiff and his counsel that any further failures to comply with the Rules of Procedure would be seen as a failure to obey a court order and further sanctions could be ordered.

I entered the following order:

**(a) the Defendants' Motion for Sanctions is granted, in part;**

**(b) Plaintiff's counsel is ordered to file an affidavit with the Court within five (5) days of this Order, certifying that he and his office will comply with the Federal Rules of Civil Procedure and the Local Rules of this District;**

**(c) Plaintiff's counsel is ordered to file an affidavit with the Court within five (5) days of this Order, confirming that all documents produced to Plaintiff and/or Plaintiff's**

**counsel pursuant to any and all non-party subpoenas have been produced to all defense counsel;**

**(d) Plaintiff is ordered to provide prior notice and to serve all defense counsel with full copies of any subpoenas it serves in the future;**

**(e) Plaintiff is ordered to disclose and produce all documents received in the future from any subpoena within twenty days (20) of receipt of same;**

**(f) Plaintiff is ordered to pay Defendants' expenses, including attorneys' fees, associated with the Motion for Sanctions and the Supplement to the Motion for Sanctions.**

Subsequent to the Order of December 7, 2007 Defendants submitted their Motion for Attorneys' Fees and Expenses (docket # 651) to which the Plaintiff filed his response (docket # 681) and the Defendants replied (docket # 687). Defendant Roan Cliff Corporation filed a supplemental reply (docket # 692). Attached to the Motion for Attorneys' Fees and Expenses was the Affidavit of Brett. D. Chardavoyne in support of the Motion for Attorneys' Fees and Expenses (Exhibit A-1, docket # 651-2), the Affidavit of Laura A. Tighe in support of Attorneys' Fees (Exhibit A-2, docket # 651-3) and the Affidavit of Adam B. Kehrli in support of Award of Attorneys' Fees pursuant to order of December 7, 2007 (Exhibit A-3, docket # 651-4).

The Motion for Attorneys' Fees and Expenses filed by the Defendants is based on Rule 54 of the Federal Rules of Civil Procedure. (see F. 1 at page 3 of 12 of the Motion) The award of expenses, including attorneys' fees, however, was imposed by Order of December 7, 2007 as a Rule 37 sanction, not as a consequence of a Rule 54 judgment. There has been no entry of judgment in this matter. The Motion for Attorneys' Fees filed by the Defendants is therefor

**DENIED** as improvidently filed. The affidavits attached to the Motion (docket # 651) will be considered by the Court in the calculation of the reasonable expenses ordered to be paid by the Plaintiff to the Defendants associated with the Motion for Sanctions and the Supplement to the Motion for Sanctions by Order dated December 7, 2007.

Dated this 30th[h] day of May, 2008

BY THE COURT:

s/ Gudrun J. Rice
_____
Gudrun J. Rice
U.S. Magistrate Judge