UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Gudrun J. Rice

Civil Action No. 06-cv-00249-WYD-GJR

HOME DESIGN SERVICES, INC.,

    Plaintiff,

v.

B&B CUSTOM HOMES, LLC,
DAVID BAGG, DENISE BAGG,
BENNETT CONSTRUCTION, INC.,
LARRY W. BENNETT, JOHN J. BENNETT,
FRED BISHOP ENTERPRISES, INC.,
FRED W. BISHOP III,
INFINITY BUILDERS, INC. f/k/a CASTLE HOMES, INC.,
WILLIAM J. FITZGERALD,
MERRITT CONSTRUCTION, INC.,
MERRITT L. SIXBEY, JR.,
SUSAN MARIE SIXBEY,
PAUL RIENSHE,
SERRA CONSTRUCTION, INC.,
GARY L. POUSH,
SANDRA L. DORR,

    Defendants.
_____

**ORDER AWARDING TO DEFENDANTS ATTORNEYS' FEES AND EXPENSES
REGARDING ORDER ENTERED ON DECEMBER 7, 2007 (DOCKET # 638)**
_____

    This matter is before the Court pursuant to the Court's previous award of attorneys' fees and expenses to the Defendants and after consideration of the Defendants' Affidavits tendered to the Court subsequent to the award of attorneys fees and costs in the above captioned matter.

## BACKGROUND

The Plaintiff has sued multiple Defendants, alleging copyright violations. In the course of the litigation, the Defendants alleged, in a Motion for Sanctions filed with the Court on July 27, 2007, (docket # 550) that the Plaintiff had repeatedly failed to abide by the Federal Rules of Civil Procedure, particularly by engaging in abusive discovery conduct. The Defendants sought sanctions against the Plaintiff, including payment of reasonable expenses, attorneys' fees and any of the other sanctions set forth in Rule 37(b)(2)(A)(c) and Rule 37(c)(1).

On December 7, 2007 I entered an Order (docket # 638) granting in part Defendants' Motion for Sanctions and Supplement to Motion for Sanctions. I found that the Plaintiff had repeatedly failed to comply with the Rules of Civil Procedure, and particularly, had failed to comply with the requirements set forth in Rule 45(b)(1) and Rule 26(e)(1) of the Federal Rules of Civil Procedure. I found it necessary to order the Plaintiff to comply. I admonished the Plaintiff and his counsel against any further failures to comply with the Rules of Civil Procedure and with the Local Rules of Practice and advised Plaintiff and his counsel that any further failures to comply with the Rules of Procedure would be seen as a failure to obey a court order and further sanctions could be ordered.

I entered the following order:

**(a) the Defendants' Motion for Sanctions is granted, in part;**

**(b) Plaintiff's counsel is ordered to file an affidavit with the Court within five (5) days of this Order, certifying that he and his office will comply with the Federal Rules of Civil Procedure and the Local Rules of this District;**

**(c) Plaintiff's counsel is ordered to file an affidavit with the Court within five (5) days of this Order, confirming that all documents produced to Plaintiff and/or Plaintiff's counsel pursuant to any and all non-party subpoenas have been produced to all defense counsel;**

**(d) Plaintiff is ordered to provide prior notice and to serve all defense counsel with full copies of any subpoenas it serves in the future;**

**(e) Plaintiff is ordered to disclose and produce all documents received in the future from any subpoena within twenty days (20) of receipt of same;**

**(f) Plaintiff is ordered to pay Defendants' expenses, including attorneys' fees, associated with the Motion for Sanctions and the Supplement to the Motion for Sanctions.**

Subsequent to the Order of December 7, 2007 Defendants submitted a Motion for Attorneys' Fees and Expenses (docket # 651) to which the Plaintiff filed his response (docket #. 681) and the Defendants replied (docket # 687). Defendant Roan Cliff Corporation filed a supplemental reply (docket # 692). Attached to the Motion for Attorneys' Fees and Expenses was an Affidavit of Brett. D. Chardavoyne in support of Motion for Attorneys' Fees and Expenses (Exhibit A-1, docket # 651-2), an Affidavit of Laura A. Tighe in support of Attorneys' Fees (Exhibit A-2, docket # 651-3) and an Affidavit of Adam B. Kehrli in support of Award of Attorneys' Fees pursuant to order of December 7, 2007 (Exhibit A-3, docket # 651-4).

By separate Order I have denied the Motion for Attorneys' Fees and Expenses filed by the Defendants. However, having ordered the Plaintiff to pay Defendants' expenses, including attorneys fees, associated with the Motion for Sanctions and the Supplement to the Motion for

Sanctions, by Order dated December 7, 2007, I now consider the Affidavits of Brett Chardavoyne and Laura Tighe filed in support of the Defendants' Motion for Attorneys' Fees and Expenses, in awarding to the Defendants reasonable attorneys' fees and expenses.

Defendants Roan Cliff Corporation, Cheri Jo Witt-Brown. Craig Granlund, Craig Cherry and Brian Hurford have been dismissed with prejudice from this action, with each party to bear its own attorneys' fees and costs. (docket # 761) I therefore do not consider the affidavit of Mr. Adam Kehrli.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

On December 7, 2007 this Court entered an Order granting Defendants' Motion for Sanctions. The Plaintiff was ordered to pay Defendants' expenses, including attorneys' fees, associated with the Motion for Sanctions. (docket # 638)

The benchmark for an award of attorneys fees is that the amount of the fees awarded be reasonable. *Pennsylvania v. Del. Valley Citizen's Council for Clean Air*, 478 U.S. 546, 562 (1986) Although the lodestar figure - reasonable hours times reasonable rate - is the mainstay of the calculation of a reasonable fee, I find that payment of attorneys fees in the amount of $24,057.50 for preparing a Motion for Sanctions and Supplement to the Motion for Sanctions is unreasonable.

I find that the reduced hourly rate charged by Mr. Chardavoyne of $135 to $140 per hour and the reduced rate of $135 to $140 per hour charged by Ms. Darby K. Kennedy, both with the Hustead Law Firm, is reasonable. I find that the hourly rate of $150 for Ms. Tighe is reasonable. Mr. Chardavoyne, Ms. Kennedy and Ms. Tighe are attorneys practicing law in the Denver,

4

Colorado metropolitan area. These hourly rates are reasonable for attorneys practicing law in this area.. I find, however, that the number of hours spent by the Hustead Law Firm, where Mr. Chardavoyne and Ms. Kennedy are employed, totaling 161.40 hours, or more than four 40 hour work weeks, on a Motion for Sanctions and a Supplement to the Motion, is not reasonable. Considering the experience of both Mr. Chardavoyne and Ms. Kennedy, as set forth in the affidavit of Mr. Chardavoyne, and the complexity of the issues raised in the Motion and the Supplement to the Motion, I find that 30 hours, including the time to travel to Grand Junction for hearing on the Motion, which was one of three Motions set for hearing on June 21, 2007 (docket # 513), is reasonable under the circumstances of this case.

I find that the sum of $4,200.00 in attorneys fees (for 30 hours at the rate of $140 per hour) and $89.40 in costs (1/3 of the $268.21 mileage cost for round trip travel from Denver to Grand Junction) is fair, reasonable and necessary in prosecuting the Motion for Sanctions and the Motion to Supplement.

I find that the sum of $270.00 for 1.8 hours spent by Ms. Tighe in assisting with the preparation of the Motion for Sanctions is fair and reasonable and necessary.

**IT IS HEREBY ORDERED,** based on these findings of fact and conclusions of law, that the Plaintiff shall pay to the Defendants the sum of $4,200.00 in attorneys fees and $89.40 in costs for attorneys fees and expenses incurred to the Hustead Law Firm and $270.00 in attorneys fees incurred to Laura Tighe on or before June 30, 2008.

Dated this 30th day of May, 2008.

                                BY THE COURT:

                                s/ Gudrun J. Rice
                                _____
                                Gudrun J. Rice
                                U.S. Magistrate Judge