UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00249-WYD-GJR

HOME DESIGN SERVICES, INC.,

      Plaintiff,

v.

B&B CUSTOM HOMES, LLC,
DAVID BAGG, DENISE BAGG,
BENNETT CONSTRUCTION, INC.,
LARRY W. BENNETT, JOHN J. BENNETT,
FRED BISHOP ENTERPRISES, INC.,
FRED W. BISHOP III,
INFINITY BUILDERS, INC. f/k/a CASTLE HOMES, INC.,
WILLIAM J. FITZGERALD,

      Defendants.

---

### ORDER DENYING MOTION TO INTERVENE (docket # 811)

---

On July 29, 2008 Jonathan Lee Riches filed a document (Docket # 811) with the Court designated: Motion For Reconsideration & Clarification, Motion to Intervene as Plaintiff under Fed.R.Civ.P. Rule 24(A)2, 24(B) (*sic*)and Motion to Amend Complaint.

The document (Docket # 811) has been docketed as a Motion to Intervene, a Motion to Clarify, a Motion for Reconsideration and a Motion to Amend/Correct/Modify.

On August 11, 2008 Plaintiff Home Design Services, Inc. filed a Response. (Docket # 817).

### MOTION TO INTERVENE

Jonathan Lee Riches has filed, *pro se*, a Motion to Intervene in this case as a plaintiff "as a matter of right" under Fed.R.Civ.P. Rule 24 (a)(2) or alternatively, for permissive intervention under Fed.R.Civ.P 24(b).

Rule 24 (a) of the Federal Rules of Civil Procedure provides for an intervention of right.

On timely motion, the court must permit anyone to intervene who:....(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Federal Rule of Civil Procedure 24(b) provides, in pertinent part, that in general, on timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact.

Federal Rule of Civil Procedure 24( c ) provides that a motion to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought.

## FINDINGS

Jonathan Lee Riches is a prisoner housed at FCI Williamsburg in Salters, South Carolina. (Docket # 817-2, Memorandum Opinion of the Honorable Samuel G. Wilson, United States District Court Judge in the United States District Court for the Western District of Virginia, Roanoke Division).

Riches filed 21 civil actions in the United States District Court for the Western District of Virginia, Roanoke Division, which were dismissed by Judge Wilson by Memorandum Opinion dated February 12, 2008 and well over three prisoner civil rights complaints which were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim. (Docket # 817-2, Memorandum Opinion of Judge Wilson).

Riches has failed to comply with D.C.Colo.L.Civ.R 7.1 by failing, before filing his motion, to confer or to make a reasonable, good faith effort to confer with opposing counsel. The above captioned case, in which Riches seeks to intervene, was filed on February 14, 2006.

Numerous Defendants have already been dismissed by stipulation of the parties. Pretrial conference with regard to the remaining Defendants is set for January 23, 2009. The motion to intervene is not timely.

Not only has Riches failed to confer and comply with Local Rule 7.1, Riches has failed to comply with the service requirements as provided in Rule 5 of the Federal Rules of Civil Procedure as required by Rule 24 ( c ).

Other than stating in his motion that he has an "interest in this litigation to support plaintiffs claims," and that "intervention presents questions of laws and facts that are common in this action," Riches in his motion has presented no grounds for intervention.

The motion for intervention filed by Jonathan Lee Riches was not accompanied by any pleading that sets out the claim for which intervention is sought.

## ORDER

Wherefore, for all of the above stated reasons, it is hereby ORDERED that the Motion to Intervene be DENIED.

DONE this 03rd day of October, 2008.

BY THE COURT:

s/ Gudrun J. Rice

Gudrun J. Rice
United States Magistrate Judge